Filed 6/15/21  P. v. Jenkins CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTOINETTE GWENEA JENKINS,<br><br>Defendant and Appellant. | B307818<br><br>(Los Angeles County<br>Super. Ct. No. MA077978) |

APPEAL from an order of the Superior Court of Los Angeles County, Denise McLaughlin-Bennett, Judge.  Affirmed as modified.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising

Deputy Attorney General, John Yang, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Antoinette Jenkins (defendant) pled no contest to theft of identifying information in exchange for a two-year sentence.  At sentencing, defense counsel told the court that defendant must serve her sentence in state prison (not county jail) because counsel mistakenly believed she had a prior "strike" conviction.  The trial court accordingly sentenced defendant to serve her custodial term in state prison, and, as the Attorney General now concedes, that was error that needs correcting.

According to a report prepared by the probation department, defendant confessed to stealing mail when she was "high" and "thought [she] was the mailman."  The People charged defendant with multiple counts of identifying information theft (Pen. Code,[1] § 530.5, subd. (c)(3)), a felony.  The charging document further alleged defendant had sustained a prior serious or violent felony conviction: assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)).

Pursuant to an agreement with the People, defendant agreed to plead guilty to one count of identifying information theft in exchange for a two-year sentence.  At a change of plea and sentencing hearing, there was some initial confusion as to whether defendant had a prior conviction that qualified as a serious or violent felony and the parties eventually agreed (incorrectly, as it turns out) that she did.  Based on that understanding, defense counsel believed the plea agreement could stand only if defendant's sentence were served in state

---

[1]  Undesignated statutory references that follow are to the Penal Code.

3

prison, not county jail, and the trial court accepted that proposition, sentencing defendant to two years in state prison.

Section 530.5 provides for punishment in the form of a fine, imprisonment in a county jail, or imprisonment pursuant to subdivision (h) of section 1170. (§ 530.5, subd. (c)(3).) Under section 1170, subdivision (h), an offender must serve a qualifying determinate sentence in state prison *if* the offender has a prior serious or violent felony conviction. (§ 1170, subd. (h)(2); see also §§ 667.5, 1192.7.)

The commitment to state prison here is an unauthorized sentence because assault with force likely to produce great bodily injury is not a serious or violent felony (see, e.g., *People v. Belloso* (2019) 42 Cal.App.5th 647, 651, fn. 5), which means, under section 1170, subdivision (h), that the condition that defendant serve her sentence in state prison could not lawfully be imposed under any circumstance in this case. As an unauthorized term of a sentence, the state prison commitment can be corrected at any time and does not affect the validity of the plea agreement because it was not a term thereof. (*People v. Vizcarra* (2015) 236 Cal.App.4th 422, 432; see also *People v. McClellan* (1993) 6 Cal.4th 367, 379; *People v. Avila* (1994) 24 Cal.App.4th 1455, 1461.)

4

DISPOSITION

The judgment is modified to designate county jail, not state prison, as the place for service of defendant's sentence. The trial court shall prepare an amended abstract of judgment so reflecting and deliver a copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

KIM, J.

5