Filed 9/28/23  P. v. Becerra CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079617 |
| v. | (Super.Ct.No. SWF1201058) |
| FERNANDO BECERRA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  William S. Lebov, Judge. (Retired judge of the Yolo Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

In 2015, on direct appeal, we affirmed Fernando Becerra's conviction of first degree murder, as well as the jury's true findings on alleged gang and firearms enhancements and special circumstances. (*People v. Becerra* (Nov. 2, 2015, E061398) [nonpub. opn.] [2015 Cal.App.Unpub.Lexis 7927] (*Becerra I*). In 2020, we affirmed the trial court's denial of his petition for resentencing under former Penal Code[1] section 1170.95, since renumbered as section 1172.6. (*People v. Becerra* (July 10, 2020, E072936) [nonpub. opn.] [2020 Cal.App.Unpub.Lexis 4343] (*Becerra II*).) He now appeals from the denial of a second petition for resentencing, arguing recent changes to section 1172.6 and case authority interpreting those changes mean he might be entitled to relief.

The People concede, and we agree, that the trial court's reasoning for its denial of Becerra's petition was incorrect. Nevertheless, any error was harmless because the jury instructions used in Becerra's trial demonstrate that he is ineligible for relief.[2] The jury could not have returned the verdict it did without finding that Becerra acted with intent to kill, which means he is not entitled to resentencing under section 1172.6.

---

[1] Undesignated statutory citations are to the Penal Code.

[2] We grant the People's request that we judicially notice the entire record on appeal of *Becerra I*. We previously granted the People's separate request that we take judicial notice of our opinions in *Becerra I* and *Becerra II*.

Appellate courts routinely take judicial notice of the records in their own cases under Evidence Code sections 452, subdivision (d), and 459. (See, e.g., *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 426, fn. 1.) Moreover, in *Becerra II*, Becerra himself moved to augment the record of that appeal with the record of *Becerra I*. We construed Becerra's motion to augment as a request for judicial notice and granted it. Becerra's opposition to the People's substantively identical request is not well taken.

BACKGROUND

In 2012, Becerra was charged with first degree murder (§ 187, subd. (a)). The information alleged the special circumstances that the murder was gang motivated (§ 190.2, subd. (a)(22)) and committed by firing a gun from a car (§ 190.2, subd. (a)(21)). The information also alleged a gang enhancement (§ 186.22, subd. (b)) and a vicarious firearm enhancement (§ 12022.53, subds. (d), (e)). The jury found Becerra guilty as charged, and the trial court sentenced him to life without the possibility of parole for the murder, plus an additional 25 years to life for the firearms enhancement.

Becerra appealed, and this court affirmed his judgment. (*Becerra I*, *supra*, E061398.) Our opinion noted Becerra "was prosecuted solely as an aider and abettor to the murder." (*Ibid.*) As such, the trial court had erred by instructing the jury that Becerra could be found guilty under a natural and probable consequences theory. (*Ibid.*; see *People v. Chiu* (2014) 59 Cal.4th 155, 158 [aider and abettor may not be convicted of first degree premeditated murder under natural and probable consequences doctrine].) Nevertheless, we found the error harmless because the "jury was not misled into basing its finding on the natural and probable consequences doctrine or on a theory of reckless indifference." (*Becerra I*, *supra*, E061398.) We reasoned "[t]he record show[ed] the verdict was based on a valid legal ground," since the verdict included the jury's "special finding that [Becerra] murdered [the victim] by aiding and abetting in a shooting from a vehicle 'with the intent to inflict death.'" (*Ibid.* [quoting jury verdict form for § 190.2, subd. (a)(21) special circumstance].) We also commented "the evidence that defendant

3

aided and abetted first degree murder was overwhelming," so "[a]ny instructional error was harmless beyond a reasonable doubt." (*Ibid.*)

In *Becerra II*, we affirmed the trial court's denial of Becerra's petition for resentencing under former section 1170.95. (*Becerra II*, *supra*, E072936.) Our conclusion was based on *Becerra I*'s analysis that the jury's verdict showed it found Becerra acted with intent to kill, so the murder conviction did not rest on the natural and probable consequences doctrine or a theory of reckless indifference. (*Becerra II*, *supra*, E072936, quoting *Becerra I*, *supra*, E061398.)

In 2022, Becerra filed a second petition for resentencing. During the hearing on the motion, the prosecutor commented that the jury instructions and "opinion"— apparently referring to *Becerra I*—were "both in imaging and provided to counsel." The prosecutor's argument focused on the underlying facts as described in *Becerra I*, and our comment there that the evidence Becerra aided and abetted first degree murder was "'overwhelming.'" The defense argued that, "because of the issue with the natural and probable consequences [instruction] having been given, unless the Court finds the decision of the Court of Appeals binding, I would ask that the petition not be dismissed at this time." The trial court inquired "Why wouldn't I find it binding," to which the defense responded that "this is a different proceeding" and "the 1437-1170.95 issues were not before the Court" in *Becerra I*. The trial court denied the petition without issuing an order to show cause, commenting as follows: "Based upon representations of

4

[the prosecutor]—and defense counsel's comments are noted—the Court believes that the petition should be denied at this time."

## DISCUSSION

A. *Applicable law*

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015; S.B. 1437) amended the state's murder statutes to curtail the use of two theories of vicarious liability for murder. These theories are grounded in situations where the defendant intended to commit some crime other than murder, yet a death resulted. The theories are known as felony murder and the natural and probable consequences doctrine. At the same time, S.B. 1437 also created a statutory procedure for convicted defendants to benefit retroactively from these changes to the law, which is now codified as section 1172.6. This procedure allows eligible defendants to have convictions based on an abrogated theory of vicarious liability vacated and be resentenced. (§ 1172.6, subd. (a).)

Once the court determines a section 1172.6 petition contains the required information, the court must "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c); see also *id*, subd. (b)(1)(c) [petition requirements].) In making this determination, the court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971 (*Lewis*).) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'"

(*Id.* at p. 972.)  If the court determines the petitioner has made a prima facie showing, the court must issue an order to show cause and hold an evidentiary hearing to determine whether the petitioner is entitled to relief.  (§ 1172.6, subds. (c), (d).)  "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."  (*Id.*, subd. (c).)

Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551; S.B. 775) expanded the petition process enacted by S.B. 1437 to include not only individuals convicted under a felony murder or natural and probable consequences theory of murder, but also any "other theory under which malice is imputed to a person based solely on that person's participation in a crime."  (§ 1172.6, subd. (a).)  These changes also allow a defendant convicted of "attempted murder under the natural and probable consequences doctrine, or manslaughter" to file a petition for relief.  (*Ibid.*)

S.B. 775 also clarified the evidentiary rules applicable to consideration of a section 1172.6 petition.  (§ 1172.6, subd. (d)(3).)  As relevant here, under current law, the court "may . . . consider the procedural history of the case recited in any prior appellate opinion."  (*Ibid.*)  This provision has been interpreted to mean a court may *not* rely on a prior appellate opinion for its recitation of the facts underlying the murder conviction.  (*People v. Flores* (2022) 76 Cal.App.5th 974, 988 (*Flores*).)  This restriction applies not only at an evidentiary hearing after issuance of an order to show cause, but also at the prima facie stage.  (*Ibid.* ["If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how

6

such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage"].)

To demonstrate prejudice from the denial of a section 1172.6 petition at the prima facie stage, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

B. *Analysis*

The trial court erred to the extent, in denying Becerra's section 1172.6 petition, it relied on *Becerra I*—or, more precisely, the prosecutor's characterization of *Becerra I*—for more than that opinion's recitation of the procedural history of the case. (§ 1172.6, subd. (d)(3); *Flores*, *supra*, 76 Cal.App.5th at p. 988.) It is also questionable whether the trial court's comments satisfied the requirement of a "statement fully setting forth its reasons" for denying Becerra's petition. (§ 1172.6, subd. (c).)

Nevertheless, Becerra's record of conviction demonstrates the trial court was correct to deny his section 1172.6 petition at the prima facie stage because the jury's verdict was based on a ground that remains valid under current law. The jury was instructed that the drive-by shooting and gang special circumstances "include as an element an intent to kill." (See CALJIC No. 8.80.1.) The special circumstances instruction further specified that "If you find that a defendant was not the actual killer of a human being . . . you cannot find the special circumstance to be true . . . unless you are satisfied beyond a reasonable doubt that such defendant *with the intent to kill* [aided,]

7

[abetted,] [counseled,] [commanded,] [induced,] [solicited,] requested,] [or] [assisted] any actor in the commission of the murder in the first degree . . . ." (CALJIC No. 8.80.1, italics added.) The verdict form used by the jury for the section 190.2, subdivision (a)(21) special circumstance says it found "the murder of [the victim] was committed by the defendant, FERNANDO BECERRA, and that the murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person or persons outside the vehicle with the intent to inflict death." Under these instructions, the jury necessarily found Becerra personally acted with intent to kill, which remains a viable theory of murder for both actual killers and aiders and abettors. Thus, there is no possibility Becerra might be entitled to relief under section 1172.6, and his petition was properly denied at the prima facie stage.

Becerra's reliance on *People v. Langi* (2022) 73 Cal.App.5th 972 in support of a different conclusion is misplaced. *Langi* addressed an ambiguity in standard aiding and abetting instructions that is potentially significant in the context of a defendant convicted or possibly convicted of aiding and abetting *second degree* murder. (*Id.* at pp. 980-983.) Based on that ambiguity, the *Langi* court found that the "record of conviction does not conclusively negate the possibility that the jury found appellant guilty of second degree murder by imputing to him the implied malice of the actual killer, without finding that he personally acted 'with knowledge of the danger to, and with conscious disregard for, human life.'" (*Id.* at p. 984.) Thus, the court reversed the summary denial of Langi's petition and remanded for an evidentiary hearing to determine whether, under the new

8

language added by S.B. 775, he was entitled to relief because malice was imputed to him based solely on his participation in a crime.  (*Langi*, supra, at p. 984.)  There is no similar ambiguity in Becerra's record of conviction, which conclusively establishes his jury found that he personally acted with intent to kill.

## DISPOSITION

We affirm the order denying Becerra's petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

MILLER
Acting P. J.

CODRINGTON
J.