Filed 10/19/21  P. v. Calla CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESUS CALLA,<br><br>    Defendant and Appellant. | 2d Crim. No. B301783<br>(Super. Ct. No. BA461921)<br>(Los Angeles County) |

Jesus Calla appeals his conviction, by jury, of committing a lewd act against An.J., a child under the age of 14 (Pen. Code, §288, subd. (a)),[1] and of committing a lewd act against S.J., also under the age of 14.  (§288, subd. (a).) Appellant was acquitted of sexual penetration of Al.J., a child under the age of 10.  (§288.7, subd. (b).)  The trial court declared a mistrial on two counts of sexual intercourse or sodomy with Al.J. (§288.7, subd. (a)), after the jury was unable to reach a

---

[1] All statutory references are to the Penal Code, unless otherwise noted.

verdict on those counts. Appellant was sentenced to two consecutive terms of 15 years to life. (§ 667.61, subd. (b), (e).) The trial court imposed a restitution fine of $300 and $70 in court assessments. (§§ 1202.4, subd. (b), 1465.8, subd. (a)(1); Gov. Code, § 70373, subd. (a).)

Appellant contends the prosecuting attorney committed misconduct during closing argument and that the trial court erred when it imposed consecutive rather than concurrent sentences, calculated his custody credits and imposed fines and assessments without holding a hearing on his ability to pay. We remand the matter for resentencing. In all other respects, the judgment is affirmed.

FACTS

Appellant met N.M. at work, in 2002. She had four children from a prior relationship: L.J., S.J. (born 1996), An.J. (born 2001) and Al.J. (born 2004). Appellant and N.M. were married in 2006 and divorced in 2012. N.M. worked long hours as a nurse. Appellant was often the primary caregiver for the children while their mother was at work.

Count 8. From 2009 and 2011, the family lived in Los Angeles. One Sunday morning, when An.J. was 10 years old, she went in to appellant's bedroom to wake him, so he could take her to catechism class. Appellant told her they had a few minutes, so she should get in bed with him. When she did, appellant put his hand down her pajama pants and underwear, and rubbed her clitoris in a circular motion. Later, appellant took An.J. to her class.

An.J. did not disclose the abuse because she did not know how to describe it. About three years later, when she was

2

about 13 years old and in the eighth grade, she told her boyfriend, E.V., about it.

Count 9. In 2007 and 2008, when S.J. was 11 years old, the family lived in a two-bedroom apartment in Inglewood with the children's godparents and their three children. Appellant, N.M. and her three daughters all slept in the living room area of the apartment. One morning, appellant woke S.J. up and told her it was time to get ready for school. N.M. was not present; An.J. and Al.J. were still asleep and no one else in the apartment was awake. Appellant told S.J. to lie next to him on the floor, under the covers. When she complied, appellant put his hand under her pajama shorts and underwear and rubbed her clitoris in a circular motion. Appellant asked S.J. if she liked it, but she did not respond because she was frozen with fear and shock.

S.J. first disclosed the incident to a friend when she was 16 or 17 years old. By that time, appellant and N.M. had been divorced for one or two years. She did not disclose it earlier because she was embarrassed and afraid. She was not sure anyone would believe her. In addition, S.J. loved appellant and wanted to believe the best of him.

Uncharged Acts. S.J. testified that, in 2009 or 2010, the family moved to Henderson, Nevada. One day, when she was 13 years old, appellant told her to lie down on the bed next to him. He put his hand down her pants, under her underwear and rubbed her vagina in a circular motion.

3

Allegations Resulting in Acquittal or Mistrial.

Appellant was also charged with four offenses against the youngest sister, Al.J. She testified that when she was between five and seven years old, appellant touched her vagina, raped her twice and once sodomized her. Al.J. first disclosed the abuse in text messages she sent to a friend when she was twelve years old. The jury found appellant not guilty of two counts of sexual intercourse or sodomy with a child under the age of 10 years. Because the jury was unable to reach a verdict on the remaining counts, the trial court dismissed those counts in the interest of justice.

Expert Testimony. Dr. Jayme Jones, a clinical psychologist who specializes in treating children and adults who are victims of child sexual abuse, testified about Child Sexual Abuse Accommodation Syndrome (CSAAS). Dr. Jones explained that child sexual abuse typically occurs in secret, without witnesses. Children are helpless to avoid it or fight back because they are physically smaller than their abusers and are raised to obey the adults in their lives. Children may adopt coping mechanisms to accommodate the abuse and make it more tolerable. Victims of sexual abuse may delay telling others about it, or only provide a partial account of their abuse. They may also disclose details in a piecemeal fashion. The same factors that make it difficult for children to disclose abuse also make it difficult for children to speak out, say no or verbalize their discomfort while the abuse is occurring.

Dr. Jones further explained that it is common for victims of child sexual abuse to delay disclosure or never disclose their abuse. More than half of the children who have been

4

sexually abused never disclose the abuse. Only about 10 or 15 percent of victims disclose within the first year.

Defense Evidence. Appellant testified that he always got along with his step-children, including those who testified against him. He denied ever touching them in a sexual manner or having any form of sexual intercourse with them. On cross-examination, appellant testified that he was not aware of anything the children would stand to gain by falsely accusing him. He speculated that the children each had "issues," including depression, grief at their grandfather's death, bullying at school and resentment over the divorce, that might have motivated their statements about him.

DISCUSSION

*Prosecutorial Misconduct*

Appellant contends the prosecuting attorney committed prejudicial misconduct during her closing argument because she misstated the evidence while summarizing appellant's testimony and the testimony of Dr. Jones, and that she misstated the law and attempted to shift the burden of proof to him. We conclude there was no misconduct.

Facts. During her closing argument, the prosecuting attorney reminded the jury that appellant "wants you to think that these three little girls who he has not heard from in years suddenly decided to just pin this child molest case on him. [¶] Now, you heard from the defendant, and you heard me ask him basically why – why – why would they do that? What would they stand to gain by doing that? . . . [¶] And he didn't really have an answer to that. There was no motive presented, no reasonable motive presented as to why these girls would try to frame him, make this stuff up."

5

Defense counsel objected that the prosecutor was "burden shifting." That objection was overruled and the prosecutor continued. "He [defense counsel] asked you to look at the gaps and then fill in the gaps with evidence that you didn't have before you. Which is not what you're supposed to do. Remember, we talked about that, that you're only allowed to look at evidence that you saw here in court, not what you should have had, not what you might have had." After defense counsel objected that the prosecutor misstated the law, the trial court admonished the jury that "this is closing argument. . . . Nothing they say is evidence. You will decide what happened in this case . . . ."

The prosecutor's argument continued with a discussion of the reasonable doubt standard. "So [defense] counsel invited you to look at the gaps, and . . . see if you have any doubts. And I want you to think about that. See if you have any doubts. That's not the People's burden of proof. It's not the People's burden to proof to see if you have any doubts because that's beyond all possible doubt. It's beyond a reasonable doubt. Right? . . . [¶] But it's not any doubts because anything in human affairs is subject to some possible doubt."

In discussing Dr. Jones' testimony about delayed disclosure and victims' failure to disclose, the prosecuting attorney argued, "defense counsel pointed to that as somehow, in the context of this case, making their disclosure, like, almost impossible because it happened after a period of years as though there was some percentage that you can place on it. [¶] In other words, it's 67 percent less likely that they would tell after five years than it would be after 3 years. I mean, there's no evidence to support that." Defense counsel objected that the argument

6

misstated the evidence and the trial court again admonished the jury that it was their job to determine what the evidence shows. The prosecutor continued, "Point being, there's late disclosure in common. [sic]  We're not putting – we're not putting . . . numbers on it, because there are none to be had."

Discussion.  Appellant contends the prosecutor misstated the People's burden of proof when she commented that appellant could not provide a motive for the victims to lie about him.  We are not persuaded.

A prosecutor commits misconduct under California law when she uses ""'"deceptive or reprehensible methods"'"" to persuade the jury and it is reasonably probable that the defendant would have obtained a more favorable outcome had the misconduct not occurred.  The standard under federal law requires conduct ""'""""'so egregious that it infects the trial with such unfairness as to make the conviction a denial of due process.""""""""  (*People v. Caro* (2019) 7 Cal.5th 463, 510.)  A prosecutor's remarks to the jury will not constitute misconduct unless, when read in context with the entire argument and the jury instructions, "there was 'a reasonable likelihood the jury understood or applied the complained-of comments in an improper or erroneous manner. . . .'"  (*People v. Centeno* (2014) 60 Cal.4th 659, 667 (*Centeno*).)

While advocates are given significant leeway in argument and we do not ""'"lightly infer"'"" misconduct, it is improper for the prosecutor to misstate the law "'and particularly to attempt to absolve the prosecution from its . . . obligation to overcome reasonable doubt on all the elements . . . .'" (*Centeno, supra*, 60 Cal.4th at pp. 666-667.)  A prosecutor may also commit misconduct by misstating facts or referring to facts that are not

in evidence.  (See, e.g., *People v. Hill* (1998) 17 Cal.4th 800, 824-827.)

The prosecutor's argument here did not violate these standards.  First, the argument accurately characterized appellant's testimony.  The prosecutor asked appellant whether he knew of anything the victims would stand to gain by falsely accusing him.  He said he did not.  When she asked why the children would lie about him, appellant mentioned that the children faced some difficult circumstances after he left the family.  He could not, however, explain how those circumstances would prompt them to falsely accuse him of sexual assault.  As the prosecutor noted in her argument, appellant could not supply a motive for them to lie.  This argument was not misconduct because it was grounded in the evidence and was a comment on the credibility of the victims' testimony.  (*People v. Young* (2005) 34 Cal.4th 1149, 1191; *People v. Boyette* (2002) 29 Cal.4th 381, 433.)

For similar reasons, we reject the contention that the prosecutor misstated Dr. Jones' testimony.  Although somewhat garbled, the prosecutor's argument seems to have been that there is no way to assign a number or percentage to the number of victims who disclosed after five years of the abuse due to the absence of data.  These comments were fairly based on Dr. Jones' testimony that there was no good data about the percent of victims who disclose sexual abuse after five or more years.  Because the prosecutor's argument was based on the evidence and reasonable inferences to be drawn from it the argument did not constitute misconduct.  (*People v. Valdez* (2004) 32 Cal.4th 73, 134.)

8

Nor did the prosecutor attempt to shift the burden of proof by suggesting that appellant had an obligation to produce evidence. (*People v. Osband* (1996) 13 Cal.4th 622, 697.) She argued that appellant was unable to supply a motive for the victims to lie about him. She did not suggest he had an obligation to supply a motive. Instead, she argued the absence of a motive to lie leant credibility to the victims' testimony and detracted from the credibility of appellant's denials. Arguments about the witnesses' relative credibility do not shift the burden of proof. (*People v. Leonard* (2007) 40 Cal.4th 1370, 1408.)

Finally, we disagree that the prosecutor misstated the reasonable doubt standard in her rebuttal argument. The prosecutor reminded the jury that looking for gaps in the evidence "is not what you're supposed to do. Remember, we talked about that, that you're only allowed to look at evidence that you saw here in court, not what you should have had, not what you might have had." She continued, "It's not the People's burden of proof to see if you have any doubts because that's beyond all possible doubt . . . . [¶] But it's not any doubts because anything in human affairs is subject to some possible doubt. And that's, in fact, exactly what your instruction says. But it's reasonable doubt."

This argument did not misstate the law. It was nearly a direct quote from CALCRIM No. 220, on reasonable doubt, which the trial court provided to the jury. There is no reasonable probability the jury would have understood this comment to mean appellant had the burden to prove his innocence or that the jury could convict him even it was not convinced of his guilt. "The prosecutor's reminder, consistent with CALCRIM No. 220, that the evidence need not eliminate all

possible doubt, did not mean they could find defendant guilty even if they had a reasonable doubt." (*People v. Perez* (2017) 18 Cal.App.5th 598, 625.)

*Sentencing Error*

Appellant contends the trial court abused its discretion when it ordered that his two terms of 15 years to life be served consecutively rather than concurrently. Respondent concedes the trial court had discretion to impose concurrent sentences but contends the sentence imposed was unauthorized for a different reason: the trial court failed to impose the mandatory sentence of 25 years to life for appellant's conviction on count 8.[2] (§ 667.61, subd. (j).) We will address the latter contention first.

The information alleges that appellant committed a lewd act against An.J. and against S.J., both of whom were under the age of 14. It then alleges, "within the meaning of Penal Code section 667.61(b) and (e), as to [appellant], as to . . . counts 7 thru 9 that the following circumstances apply: The defendant in the present case committed an offense specified in Section 667.61(c) against more than one victim." The information does not expressly refer to section 667.61, subdivision (j), which mandates a sentence of 25 years to life where the defendant commits an offense listed in subdivision (c), under at least one

_____

[2] Confusingly, respondent's brief transposes counts 8 and 9 of the information. Count 8 alleges the lewd act against An.J. and is the only count eligible for sentencing under section 667.61, subdivision (j). Count 9 pertains to S.J. and is not eligible for the longer term mandated by subdivision (j) of section 667.61 because the offense against S.J. was committed before September 9, 2020, the effective date of that statute. (Stats. 2010, ch. 219 (A.B. 1844) § 16.)

circumstance listed in subdivision (e), against a victim who is under the age of 14.

Section 667.61, the "One Strike" law, creates an alternate, harsher sentencing scheme for certain sex offenses committed under specified circumstances. Subdivision (b) of the statute provides, "Except as provided in subdivision . . . (j) . . . , any person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for 15 years to life." (§667.61, subd. (b).) Subdivision (j) provides, "Any person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age, shall be punished by imprisonment in the state prison for 25 years to life." (§667.61, subd. (j)(2).)

Appellant was convicted of committing a lewd act against a child, in violation of section 288, subdivision (a). This is one of the offenses specified in subdivision (c) of section 667.61. (§ 667.61, subd. (c)(8).) He was convicted of committing that offense against An.J. and S.J. One of the circumstances listed in subdivision (e) is that, "The defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim." (*Ibid.*, subd. (e)(4).) An.J. and S.J. were both under 14 when the crimes occurred. Subdivision (j) provides that a person "shall be punished" by imprisonment for 25 years to life if that person commits an offense listed in subdivision (c) under a circumstance listed in subdivision (e) against a victim who is under the age of 14. Each of those conditions is satisfied here. The trial court was

11

required to impose a sentence of 25 years to life on count 8. Its failure to do so resulted in an unauthorized sentence.

Appellant contends sentencing him under subdivision (j) would violate his due process rights because the information did not notify him that he might be subject to sentencing under that provision. It alleges only that he is eligible for sentencing under subdivision (b), which mandates a shorter term of 15 years to life. Respondent contends the reference to section 667.61, subdivision (b) provided adequate notice that appellant might be sentenced under subdivision (j). The question whether an information alleging the defendant is eligible for sentencing under section 667.61, subdivision (b) provides adequate notice that he or she may also be sentenced under subdivision (j) is pending before our Supreme Court. (*In re Vaquera* (2019) 39 Cal.App.5th 233 (rev. granted Nov. 26, 2019, S258376); *People v. Zaldana* (2019) 43 Cal.App.5th 527 (*Zaldana*) (rev. granted Mar. 18, 2020, S259731).)

In *People v. Jimenez* (2019) 35 Cal.App.5th 373, on which appellant relies, the information alleged the defendant was eligible for a sentence of 15 years to life under section 667.61, subdivisions (b) and (e). It did not specifically reference subdivision (j). (*Jimenez, supra,* at p. 397.) The court of appeal held "the failure to plead the enhancement under 667.61(j)(2) precluded sentencing based on that provision." (*Ibid.*) It reasoned that, "[T]he information only informed Jimenez he could be sentenced to terms of 15 years to life under Penal Code section 667.61, subdivisions (b) and (e) for committing the alleged offenses against multiple victims. The information did not put [Jimenez] on notice that he could be sentenced to terms of 25 years to life under section 667.67(j)(2) for committing those

12

offenses upon multiple victims, *at least one of whom was under 14 years of age*. Under these circumstances, imposition of sentence of under section 667.61(j)(2) violated [appellant's] constitutional right to due process." (*Ibid*.)

*In re Vaquera, supra,* 39 Cal.App.5th 233 and *Zaldana, supra,* 43 Cal.App.5th 527, reached the opposite conclusion. As the court explained in *Zaldana,* an accusatory pleading is sufficient if it contains "'in substance'" a statement that the accused has committed a specified public offense. (*Zaldana*, at p. 533.) "'Similarly, the number of an enhancement statute does not have to be alleged, so long as the accusatory pleading apprises the defendant of the potential for the enhanced penalty and alleges every fact and circumstance necessary to establish its applicability.'" (*Ibid*., quoting *Vaquera*, *supra*, at p. 239.)

The accusatory pleadings in both *Vaquera* and *Zaldana* alleged the defendant committed lewd acts against two victims who were under the age of 14. Both pleadings alleged the multiple victim circumstance in section 667.61, subdivision (e) and referred to subdivision (b) of the statute. Neither referenced subdivision (j)(2), the provision that mandates a sentence of 25 years to life. Both *Vaquera* and *Zaldana* held the reference to section 667.61, subdivision (b) "provided adequate notice to the defendant that he could be subject to the longer sentence in subdivision (j)(2). Not only was the requisite fact that the victims were under the age of 14 expressly pled, but subdivision (b) itself stated the 15-year-to-life term applied '[e]*xcept* as provided in subdivision . . . (j)' (italics added), i.e., when the 25-years-to-life term applied because the victims were under the age of 14." (*Zaldana, supra,* 43 Cal.App.5th at p. 534.)

Subdivision (b) of section 667.61 refers to subdivision (j) as an exception to the mandatory 15-year sentence. This reference is "key to adequate notice – [subdivision (b)] specifically directed [appellant] to subdivision (j)(2) and its longer prison term." (*Zaldana, supra,* 43 Cal.App.5th at p. 535.) Because the information alleged the factual predicate necessary for the longer sentence, e.g., that at least one of the multiple victims was under the age of 14, "there was no doubt [appellant] was on notice that he could be subject to subdivision (j)(2)." (*Ibid.*)

We agree with *In re Vaquera* and *Zaldana.* Here, the information notified appellant that he could be sentenced under section 667.61, subdivision (b). It also alleged every fact necessary for him to be sentenced under subdivision (j). The information alleged that, "within the meaning of section 667.61 (b) and (e)," appellant committed a sex offense listed in subdivision (c) of the statute against more than one victim and that the victims were under 14 when the crimes occurred. These allegations gave appellant adequate notice that he was subject to sentencing under section 667.61, subdivision (j)(2).

Although we have authority to correct appellant's sentence (*People v. Vizcarra* (2015) 236 Cal.App.4th 422, 432), we will remand the case for resentencing because, as appellant noted, the trial court may have misunderstood its discretion to impose concurrent sentences. At the sentencing hearing, the trial court noted its understanding that consecutive sentences were required by sections 667.61 and 667.6, subdivision (d). The trial court also noted its conclusion that consecutive sentences were appropriate "based upon the way the law has been written, consistency of sentences for defendants, and then hearing the actual factor underpinnings of this case . . . ."

14

Section 667.61 does not require consecutive sentences where, as here, the defendant has violated section 288, subdivision (a).[3] (§667.61, subd. (i).) The trial court retained discretion to impose concurrent terms. On remand, it should exercise its sentencing discretion in light of the changed circumstances created by our reversal of the sentence on count 8. (See, e.g., *People v. Buycks* (2018) 5 Cal.5th 857, 893.) The trial court should also consider on remand whether appellant has the ability to pay restitution, fines and fees and whether his pre-sentence custody credits have been correctly calculated. (*People v. Castellano* (2019) 33 Cal.App.5th 485; *People v. Dueñas* (2019) 30 Cal.App.5th 1157; *People v. Fares* (1993) 16 Cal.App.4th 954, 959 ["We can perceive no reason why a defendant should lose his entitlement to credits simply because of inadvertence or mathematical error of the court, the probation department or his own counsel"].)

DISPOSITION

The matter is remanded for resentencing consistent with this opinion. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:

PERREN, J.

TANGEMAN, J.

---

[3] Consecutive sentences are required where the defendant has violated section 288, subdivision (b). (§667.61, subd. (i).)

Renee F. Korn, Judge

Superior Court County of Los Angeles

_____

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.