Filed 11/29/22 P. v. Vang CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094219 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE022310) |
| v. | |
| TENG VANG, | |
| Defendant and Appellant. | |

Appealing the trial court's 2021 resentencing following his 2020 direct appeal, defendant Teng Vang now contends: (1) Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699 (Assembly Bill 333)) requires reversal of his gang enhancements; (2) failure to bifurcate the adjudication of his gang enhancement charges and the underlying offenses upon defendant's request, as now required by Assembly Bill 333, requires reversal of his guilty verdicts; (3) the reimposition of his fines and fees without determining his ability to pay violated his constitutional rights; and (4) the trial court

1

erred in failing to recalculate his custody credits. The People concede the first and last contentions.

We accept these concessions and reject defendant's remaining contentions, finding defendant forfeited the bifurcation claim and is barred from reprising his claim regarding fines and fees, which we rejected in his prior appeal. We will reverse the jury's gang-related enhancement findings and remand to give the People an opportunity to retry them under the amended law, direct the trial court to recalculate defendant's custody credits, and otherwise affirm the judgment.

## I. BACKGROUND

In 2018, a jury found defendant guilty of five felonies—possessing three firearms (Pen. Code, § 29800, subd. (a)(1); counts two, five, and six),[1] a silencer (§ 33410; count one), and ammunition (§ 30305, subd. (a)(1); count three)—and misdemeanor possession of marijuana for sale (Health & Saf. Code, § 11359, subd. (b); count seven).[2] The jury found that the offenses were committed for the benefit of a criminal street gang, Menace of Destruction (MOD).[3] At trial, officers described MOD's pattern of criminal activity based on three members' firearm possession offenses, defendant's longstanding affiliation with MOD, and how MOD would have benefitted financially from drug sales and reputationally from loaded guns.

The trial court separately found defendant had sustained two prior serious felony convictions and denied his request to strike prior strikes. Under the Three Strikes law, the court sentenced defendant to consecutive indeterminate prison terms of 25 years to life for each new felony (§ 667, subd. (e)(2)(A)(ii)), totaling 125 years to life. For the

---

[1] Undesignated statutory references are to the Penal Code.

[2] Count four, for possession of another silencer, was dismissed before trial.

[3] Also known as "Masters of Destruction" or "Men of Destruction."

drug charge, the court sentenced defendant to the upper term of three years, doubled to six years for the prior strikes. (§ 667, subd. (e)(2)(C).) For each new felony, defendant was also sentenced to 10 years for the two prior felony convictions (§ 667, subd. (a)), bringing his total determinate sentence to 56 years. The court awarded 1,192 days of custody credit.

In 2020, this court concluded defendant's gang enhancements on counts one, three, five, and six rendered those counts serious felonies for purposes of the Three Strikes law. (*People v. Vang* (July 14, 2020, C087719) [nonpub. opn.]; §§ 667, subd. (d)(1), 1192.7, subd. (c)(28).)[4] We stayed punishment on count one and remanded for the trial court to consider its discretion to strike defendant's 10 five-year serious felony conviction enhancements and to impose concurrent sentences. We also rejected defendant's contention that the trial court improperly imposed fines and fees without determining his ability to pay them and directed the court to increase the court security fee and criminal conviction assessment to account for defendant's six convictions. (*People v. Vang, supra*, C087719.)

In 2021, the trial court modified defendant's sentence as directed, but otherwise declined to exercise its sentencing discretion differently, imposing an aggregate term of 100 years to life, plus 46 years. The court did not recalculate defendant's presentencing credits.

## II. DISCUSSION

### A. *Assembly Bill 333*

Defendant argues recently enacted amendments to section 186.22 require reversal of his gang enhancement findings. He also argues that the failure to bifurcate trial on his

---

[4] Count two was specifically pled and proven to be a third strike. (*People v. Vang, supra*, C087719; § 667, subd. (e)(2)(A).)

gang enhancements requires reversal of his underlying convictions. We agree with the former claim and conclude defendant forfeited the latter.

"As relevant here, the STEP [(California Street Terrorism Enforcement and Prevention)] Act created a substantive offense of active participation 'in any criminal street gang' ([ ]§ 186.22, subd. (a)), and a sentencing enhancement for a felony committed 'for the benefit of, at the direction of, or in association with any criminal street gang' ([ ]§ 186.22, subd. (b)(1))." (*People v. Valencia* (2021) 11 Cal.5th 818, 829.) Effective January 1, 2022, Assembly Bill 333 "amended section 186.22 to impose new substantive and procedural requirements for gang allegations and the substantive offense of gang participation." (*People v. E.H.* (2022) 75 Cal.App.5th 467, 477 (*E.H.*).) Specifically, "Assembly Bill 333 narrows the definition of ' "criminal street gang" ' to 'an *ongoing, organized association or group* of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more [enumerated criminal acts], having a common name or common identifying sign or symbol, and whose members *collectively* engage in, or have engaged in, a pattern of criminal gang activity.' " (*People v. Lopez* (2021) 73 Cal.App.5th 327, 344 (*Lopez*); see § 186.22, subd. (f).)

"Assembly Bill 333 also altered the requirements for proving the 'pattern of criminal gang activity' necessary to establish the existence of a criminal street gang." (*Lopez, supra*, 73 Cal.App.5th at p. 345; see § 186.22, subd. (e).) "Previously, the prosecution needed to prove only that those associated with the gang had committed at least two offenses from a list of predicate crimes on separate occasions within three years of one another." (*People v. Sek* (2022) 74 Cal.App.5th 657, 665.) Among the changes is a requirement that the predicate offenses "commonly benefited a criminal street gang." (Stats. 2021, ch. 699, § 3; see § 186.22, subd. (e)(1).) "[P]erhaps most notably, Assembly Bill 333 requires the prosecution to prove the benefit the gang derives from the predicate

4

and current offenses is 'more than reputational.' " (*E.H., supra*, 75 Cal.App.5th at p. 478; see § 186.22, subds. (e)(1), (g).)

"In addition to these substantive changes, Assembly Bill 333 added section 1109, which establishes a new procedure for trying substantive offenses and enhancements under section 186.22. Section 1109, subdivision (a) requires the court to bifurcate the trial of any gang enhancements, upon the defendant's request." (*E.H., supra*, 75 Cal.App.5th at p. 478.) Section 1109, subdivision (b) further provides: "If a defendant is charged with a violation of subdivision (a) of Section 186.22, this count shall be tried separately from all other counts that do not otherwise require gang evidence as an element of the crime. This charge may be tried in the same proceeding with an allegation of an enhancement under subdivision (b) or (d) of Section 186.22."

### 1. Gang Enhancements

We agree with the parties that the amendments to section 186.22 apply retroactively to defendant's nonfinal judgment (*People v. Tran* (2022) 13 Cal.5th 1169, 1206) and that reversal is warranted. "When a substantive change occurs in the elements of an offense and the jury is not instructed as to the proper elements, the omission implicates the defendant's right to a jury trial under the Sixth Amendment, and reversal is required unless 'it appears beyond a reasonable doubt' that the jury verdict would have been the same in the absence of the error." (*Id.* at p. 1207.) We accept the People's concession that, at a minimum, the prosecution failed to present sufficient evidence that the predicate offenses commonly benefitted MOD in a way that was more than reputational. The gang-related enhancement findings must be reversed and the matter remanded to give the People the opportunity to retry them in accordance with amended section 186.22. (*E.H., supra*, 75 Cal.App.5th at p. 480; *Lopez, supra*, 73 Cal.App.5th at p. 346.)

### 2.	*Bifurcation*

We agree with the People that defendant's failure to move for bifurcation forfeits his claim on appeal that newly enacted section 1109 requires reversal of his gang-enhanced convictions.  (See *People v. Holmes, McClain and Newborn* (2022) 12 Cal.5th 719, 772 [as a general rule, the failure to object in the trial court waives the right to assert error on appeal].)  Defendant argues that, before the enactment of section 1109, a motion to bifurcate would have been futile because such motions were rarely granted.  He cites no authority for the proposition that the application of forfeiture principles depends on the relative frequency with which trial courts grant the underlying motion.

## B.	Sentencing Issues

### 1.	*Fines and Fees*

Defendant contends the trial court's reimposition of his fees without determining his ability to pay violated his constitutional rights.  As noted above, this court has already considered and rejected a similar contention in defendant's prior appeal.  (See *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 430 [doctrines of collateral estoppel and law of the case bar a defendant from raising an issue that was raised and rejected in a prior appeal].)  Because defendant points to no change in circumstances warranting reconsideration, we decline to revisit our prior determination.

### 2.	*Custody Credits*

We agree with the parties that the trial court erred by failing to recalculate his custody credits upon resentencing.  We remand for recalculation of custody credits to account for the period between his initial sentencing and resentencing.  (See § 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 23, 37.)

## III.  DISPOSITION

Defendant's gang enhancements are reversed.  The cause is remanded to provide the People with 60 days from the date of the remittitur to file an election to retry defendant's gang enhancements.  Upon resolution of that issue, the court shall resentence

defendant under laws in effect at the time of the resentencing, address any sentencing contentions defendant raises at that time, recalculate defendant's custody credits, modify the abstract of judgment, and forward a certified copy to the Department of Corrections and Rehabilitation.

/S/

RENNER, J.

We concur:

/S/

MAURO, Acting P. J.

/S/

KRAUSE, J.