Filed 12/2/24  P. v. Alonso CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B330510 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA155399-01) |
| v. | |
| VICTOR ALONSO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Laura R. Walton, Judge.  Affirmed and remanded with directions.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Assistant Attorney General, Seth P. McCutcheon and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

Victor Alonso appeals from his judgment of conviction of, among other offenses, two counts of attempted murder of a peace officer (Pen. Code[1] §§ 664, 187) and one count of second degree robbery (§ 211), with multiple firearm enhancements (§§ 12022.5, subd. (a), 12022.53, subds. (b), (c)). At sentencing, the trial court imposed a 20-year term on one of the firearm enhancements, and stayed all other enhancements under section 654. On appeal, Alonso contends, and the Attorney General concedes, that the trial court erred in staying the remaining firearm enhancements because it was required to either strike them, or to impose and stay them. We agree the matter must be remanded for the trial court to decide whether to exercise its discretion to strike any of the firearm enhancements, and if it declines to do so, to properly impose and stay the enhancements in accordance with section 12022.53, subdivision (f). We accordingly affirm the judgment of conviction and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Evidence at trial

On August 30, 2021, Anthony Viramontes met with Alonso and another man, Christian Anthony Jaimes Lopez, to sell them jewelry valued at approximately $20,000. Alonso and Lopez arrived together in a Dodge Ram truck. After exiting the vehicle, Alonso approached Viramontes, pulled a firearm from his waistband, and said, "Give it to me or I'll put you down." While Viramontes handed the jewelry to Alonso, Lopez took

---

[1] Unless otherwise stated, all further undesignated statutory references are to the Penal Code.

Viramontes's car keys and cell phone. Alonso and Lopez then got back in the truck and left.

Viramontes flagged down a passing patrol car that was occupied by Los Angeles County Sheriff's deputies Jonathan Cufley and David Escobedo. As Viramontes was reporting the robbery to the deputies, he saw Alonso and Lopez drive by the area. The deputies began pursuing the suspect truck in their patrol car. After making a U-turn on a residential street, the truck came to a stop, facing the patrol car head-on. From the passenger seat of the truck, Alonso fired at least 27 shots at the patrol car as the deputies took cover and returned fire. Thirteen of the shots fired by Alonso hit the patrol car, and one struck Deputy Cufley in the head, seriously injuring him.

While Lopez surrendered at the scene of the shootout, Alonso fled on foot. Alonso went to his brother-in-law's house, and asked to borrow a vehicle. Later that night, Alonso led the police on another high-speed chase while driving his brother-in-law's car. Alonso eventually crashed the vehicle into a wall, and following a brief foot pursuit, he surrendered to the police.

During a search of the Dodge truck involved in the robbery and shooting, the police recovered three semi-automatic firearms. The police recovered a fourth firearm that Alonso discarded on the street as he was fleeing the scene of the shootout. Alonso's DNA was found on each of the firearms and on a bag of ammunition seized from the truck.

At trial, the parties stipulated that Alonso previously had been convicted of a felony.

## II. Jury verdict

At the conclusion of the trial, the jury found Alonso guilty as charged of the attempted premeditated murder of Deputy

Cufley (count 1), the attempted premeditated murder of Deputy Escobedo (count 2), the second degree robbery of Viramontes (count 3), reckless driving while fleeing a pursuing peace officer (count 4), and possession of a firearm by a felon (count 5). As to count 1, the jury found that Alonso personally inflicted great bodily injury on Deputy Cufley within the meaning of section 12022.7, subdivision (a). As to counts 1 and 2, the jury found that Alonso personally used a firearm within the meaning of section 12022.5, subdivision (a), and section 12022.53, subdivision (b), and that Alonso personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivision (c). As to count 3, the jury found that Alonso personally used a firearm within the meaning of section 12022.53, subdivision (b).

## III. Sentencing

At sentencing, defense counsel asked the trial court to strike or dismiss the firearm enhancements under section 1385, subdivision (c). Defense counsel argued that such dismissal was in furtherance of justice because multiple firearm enhancements were alleged, application of each enhancement would result in a sentence of over 20 years, and the underlying crimes were connected to childhood trauma suffered by Alonso. The prosecution asserted that the imposition of each enhancement was warranted because the crimes were egregious and the result of an unprovoked attack in which Alonso used multiple firearms.

After hearing the argument of counsel, the trial court sentenced Alonso to an aggregate term of 30 years to life plus 26 years in state prison, calculated as follows:

As to count 1, the court imposed a term of 15 years to life for the attempted murder of Deputy Cufley, plus consecutive

4

terms of three years for the great bodily injury enhancement under section 12022.7, subdivision (a), and 20 years for the firearm enhancement under section 12022.53, subdivision (c). The court stayed the sentences on the firearm enhancements under section 12022.53, subdivision (b) and section 12022.5, subdivision (a) pursuant to section 654.

As to count 2, the court imposed a consecutive term of 15 years to life for the attempted murder of Deputy Escobedo. The court stayed the sentences on the firearm enhancements under section 12022.53, subdivisions (b) and (c) and section 12022.5, subdivision (a) pursuant to section 654.

As to count 3, the court imposed a consecutive term of three years for the robbery of Viramontes. The court stayed the sentence on the firearm enhancement under section 12022.53, subdivision (b) pursuant to section 654. Although the court ruled that it was also staying the sentence on the firearm enhancement under section 12022.5, subdivision (a), no such enhancement was alleged by the People or found true by the jury as to count 3.

As to counts 4 and 5, the court imposed concurrent terms of two years for each of those offenses.

Alonso filed a timely appeal.

## DISCUSSION

On appeal, Alonso raises two arguments regarding his sentence. First, Alonso contends the trial court issued an unauthorized sentence when it stayed all but one of the firearm enhancements found true by the jury instead of imposing or striking them. Second, Alonso claims the trial court abused its discretion in failing to strike each of the firearm enhancements in furtherance of justice under section 1385. The Attorney General concedes the sentence was unauthorized because the trial court

5

should have either stricken the remaining firearm enhancements under section 1385, subdivision (c), or imposed and then stayed the enhancements under section 12022.53, subdivision (f). We agree that the trial court issued an unauthorized sentence with respect to the firearm enhancements, and that the matter must be remanded for resentencing.

## I.      Governing law

Sections 12022.5 and 12022.53 provide for an additional term of imprisonment for the use of a firearm in the commission or attempted commission of a crime.  (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1124 (*Gonzalez*).)  Section 12022.5, subdivision (a) mandates a sentence enhancement of 3, 4, or 10 years for the personal use of a firearm in the commission of any felony.  Section 12022.53 establishes a tiered system of sentence enhancements for certain enumerated felonies, including attempted murder and robbery, that involve the use of a firearm.  Subdivision (b) of the statute requires a 10-year enhancement for the personal use of a firearm; subdivision (c) mandates a 20-year enhancement for the personal and intentional discharge of a firearm; and subdivision (d) provides for a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death to a person other than an accomplice.  (§ 12022.53, subds. (b)–(d).)

While multiple firearm enhancements may be alleged and found true by the jury, section 12022.53, subdivision (f) provides that "[o]nly one additional term of imprisonment under this section shall be imposed per person for each crime.  If more than one enhancement per person is found true under this section, the court shall impose upon that person the enhancement that provides the longest term of imprisonment.  An enhancement

6

involving a firearm specified in Section . . . 12022.5 . . . shall not be imposed on a person in addition to an enhancement imposed pursuant to this section." Our Supreme Court has construed this provision to mean that, "after a trial court imposes punishment for the section 12022.53 firearm enhancement with the longest term of imprisonment, the remaining section 12022.53 firearm enhancements and any section 12022.5 firearm enhancements that were found true for the same crime must be imposed and then stayed." (*Gonzalez*, *supra*, 43 Cal.4th at p. 1123.) The Court also explained that a stay in such circumstances is governed by section 12022.53, subdivision (f), rather than section 654, "which applies only to offenses punishable in different ways, not to prohibited enhancements committed in the commission of an unstayed offense." (*Gonzalez*, at p. 1123, fn. 5.)

In addition, under section 1385, subdivision (c), the trial court has discretion to strike or dismiss a sentence enhancement "if it is in the furtherance of justice to do so." This includes any firearm enhancement otherwise required to be imposed under sections 12022.5 and 12022.53. (§§ 12022.5, subd. (c), 12022.53, subd. (h); see *People v. Johnson* (2022) 83 Cal.App.5th 1074, 1085–1086.) "Ordinarily, an enhancement must be either imposed or stricken 'in furtherance of justice' under . . . section 1385. [Citations.] The trial court has no authority to stay an enhancement, rather than strike it—not, at least, when the only basis for doing either is its own discretionary sense of justice." (*People v. Lopez* (2004) 119 Cal.App.4th 355, 364; accord, *People v. Bay* (2019) 40 Cal.App.5th 126, 139.) The trial court's failure to either impose or strike an enhancement when it is required to do so results in an unauthorized sentence. (*People v. Vizcarra*

7

(2015) 236 Cal.App.4th 422, 432; *People v. Flores* (2005)
129 Cal.App.4th 174, 187.)

## II. Remand is required for the trial court to decide whether to strike or impose each of the firearm enhancements found true by the jury

In this case, the jury returned true findings on a total of seven firearm enhancement allegations: (1) three enhancements alleged as to count 1 under sections 12022.5, subdivision (a) and 12022.53, subdivisions (b) and (c); (2) three enhancements alleged as to count 2 under sections 12022.5, subdivision (a) and 12022.53, subdivisions (b) and (c); and (3) one enhancement alleged as to count 3 under section 12022.53, subdivision (b).

At sentencing, Alonso's counsel asked the trial court to strike each of the firearm enhancements in furtherance of justice under section 1385, subdivision (c). In pronouncing the sentence, however, the trial court never expressly stated whether it was declining to do so. Instead, the court imposed one 20-year term on the section 12022.53, subdivision (c) enhancement alleged as to count 1, and then stayed all remaining firearm enhancements alleged as to counts 1, 2, and 3. At the sentencing hearing, the court indicated that it was exercising "its discretion" to stay the remaining firearm enhancements. But in its minute order, the court stated that the enhancements were stayed "pursuant to Penal Code Section 654."

The parties agree, as do we, that the trial court erred in staying all but one of the firearm enhancements under section 654, and that the matter must be remanded for resentencing. As to each firearm enhancement found true by the jury, the court was required to first decide whether to exercise its discretion to strike any of the enhancements in

8

furtherance of justice under section 1385, subdivision (c).  Then, for any of the firearm enhancements not stricken, the court was required to impose the enhancement that carries the longest term of imprisonment, and to impose and stay any remaining enhancements that were found true for the same offense in accordance with section 12022.53, subdivision (f).  (*Gonzalez*, *supra*, 43 Cal.4th at p. 1124.)

As to counts 1 and 2, this means that if the trial court declines to exercise its discretion to strike any of the firearm enhancements under section 1385, subdivision (c), then it must impose a sentence on each firearm enhancement that it does not strike, and must stay all but the longest firearm enhancement imposed for each count under section 12022.53, subdivision (f).  As to count 3, however, there was only one firearm enhancement found true by the jury.  This means that if the court declines to strike the firearm enhancement alleged as to count 3, then it must impose the 10-year term required for that enhancement under section 12022.53, subdivision (b).

Because we are remanding the matter for resentencing, we need not address Alonso's claim that the trial court abused its discretion in failing to strike each of the firearm enhancements under section 1385, subdivision (c).  We express no opinion as to how the trial court should exercise its discretion on remand.

## DISPOSITION

The judgment of conviction is affirmed.  The sentence is vacated, and the matter is remanded to the trial court for resentencing.  On remand, the trial court must decide whether to exercise its discretion to strike any of the firearm enhancements found true by the jury under section 1385, subdivision (c), and if it declines to do so, to properly impose and then stay the firearm enhancements, as provided in section 12022.53, subdivision (f).

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

GRIMES, J.

10