Filed 10/10/25  P. v. Hunter CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DASHAUN DONTE HUNTER,<br><br>Defendant and Appellant. | F088006<br><br>(Super. Ct. No. BF189100A)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kemberley A. Donohue, Assistant Attorney General, Amanda D. Cary, Ian Whitney and Hannah Janigian Chavez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Meehan, J. and Snauffer, J.

**INTRODUCTION**

Appellant Dashaun Donte Hunter was convicted by jury of second degree murder (Pen. Code, §§ 187, subd. (a), 189),[1] and the jury found true firearm use allegations pursuant to sections 12022.53, subdivision (d), and 12022.5, subdivision (a). The trial court sentenced appellant to 15 years to life for the murder, and a 10-year determinate term for the firearm enhancement under section 12022.5, subdivision (a). The trial court stayed the sentence of 25 years to life for the firearm enhancement allegation found true under section 12022.53, subdivision (d).

We invited the parties to submit supplemental briefing on whether section 12022.53, subdivision (j), authorized the trial court to stay the sentence on the section 12022.53, subdivision (d), firearm enhancement. The parties agree in their supplemental briefs the trial court was not authorized to stay the sentence on the section 12022.53, subdivision (d), firearm enhancement. The parties contend, and we agree, the appropriate remedy, in view of the trial court's statements at sentencing, is for this court to modify the sentence by striking the section 12022.53, subdivision (d), enhancement.

The sole remaining contention of error on appeal is that the abstract of judgment incorrectly reflects an indeterminate term of 10 years *to life* was imposed for the firearm enhancement under section 12022.5, subdivision (a), deviating from the oral pronouncement of judgment. The People concede this clerical error in the abstract of judgment. Here, too, we agree with the parties; the abstract of judgment must be amended accordingly. The judgment is otherwise affirmed.

---

[1]     All undesignated statutory references are to the Penal Code.

In February 2022, defendant was charged with premeditated and deliberate murder (§ 187, subd. (a)) and firearm use allegations under sections 12022.5, subdivision (a),[3] and 12022.53, subdivision (d).[4] An amended information was filed just before trial to include sentencing enhancement allegations under California Rules of Court, rule 4.421.

Upon trial, the jury acquitted defendant of first degree murder, but found him guilty of the lesser included offense of second degree murder. The jury also found the firearm use allegations true. During a bifurcated court-trial proceeding, the trial court found true several factors in aggravation and mitigation.

In May 2024, the trial court sentenced defendant to 15 years to life in prison, plus the upper term of 10 years under section 12022.5, subdivision (a). The trial court stayed, but did not strike, the firearm enhancement under section 12022.53, subdivision (d). In doing so, the court explained as follows.

> "In considering all this, the Court is giving a lot of reflection to this. I have considered both sides, and the Court has to balance several different factors. One is the victim. The victim is deceased, but the family is present. They are considered as victims in this case. That's why we hear from them, so we don't forget what they have suffered. [¶] On the other hand, we have to look at the defendant through the lens of the crime that was committed and his personal background. Of course, there are other factors that the Court must consider, but these are given to us as guidelines. The guidelines, in my opinion, have more recently become somewhat

---

[2]    Only the facts relevant to the issues on appeal are summarized.

[3]    Section 12022.5, subdivision (a), provides that "Except as provided in subdivision (b), any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense."

[4]    Section 12022.53, subdivision (d), provides that, "Notwithstanding any other law, a person who, in the commission of a [murder], personally and intentionally discharges a firearm and proximately causes great bodily injury, as defined in Section 12022.7, or death, to a person other than an accomplice, shall be punished by an additional and consecutive term of imprisonment in the state prison for 25 years to life."

conflicted. On one hand, we have the legislature telling us we shouldn't impose sentences of greater than 20 years. On the other hand, the legislature has left in place sentencing factors or enhancements that easily give us well in excess on the enhancement that is greater than the crime itself … and yet on the other hand, the legislature says, don't give a sentence of more than 20 years, and the appellate courts say[], well, we can ignore that part and we have to take a look at all the factors that are involved which the Court does as best that we can in recognizing our fallibility.

"With that, on Count 1, the [section] 187, second degree, probation is denied. [¶] The defendant is sentenced to the Department of Corrections for the term prescribed by law of 15 years to life. [¶] Said sentence to be enhanced under … [section] 12022.5[, subdivision ](a) with an additional term of ten years. That is the upper term the Court is imposing. That would make—and the Court will stay—I can strike as well under the authority of appellate cases …, but in this case, I think I will simply stay it. If the appellate court doesn't like it, they'll tell me to do it right, but I'm going to impose the [section] 12022.5[, subdivision ](a), which is found to be true, and stay the greater [section] 12022.53[, subdivision ](d). Since there were findings on both, I don't think I have to strike and then on my own initiative pick out a lesser. [¶] As such, it would be a total fixed term of 15 years to life plus ten years."

The sentencing minute order reflects punishment for the section 12022.53, subdivision (d), enhancement was stayed pursuant to California Rules of Court, rule 4.447.

## DISCUSSION

## I.      Judgment is Modified to Strike Section 12022.53 Enhancement

Here, firearm enhancements under sections 12022.53, subdivision (d), and 12022.5, subdivision (a), were pleaded and found true by the jury. In imposing punishment, the trial court elected to stay the longer 25-year-to-life punishment under section 12022.53, subdivision (d), and impose the lesser 10-year punishment under

4.

section 12022.5, subdivision (a). The parties appear to agree, as do we, that this represents an unauthorized sentence under section 12022.53, subdivision (j).[5]

When an enhancement under section 12022.53 "has been admitted or found to be true, the court shall impose punishment for that enhancement pursuant to this section *rather than imposing punishment authorized under any other law, unless another enhancement provides for a greater penalty or a longer term of imprisonment*." (*Id.*, subd. (j), italics added.) Moreover, "An enhancement involving a firearm specified in Section … 12022.5 … shall not be imposed on a person in addition to an enhancement imposed pursuant to subdivision (d) [of this section]." (*Id.*, subd. (f).)

Together, these two subdivisions have been construed to mean that "after a trial court imposes punishment for the section 12022.53 firearm enhancement with the longest term of imprisonment, the remaining section 12022.53 firearm enhancements and any section 12022.5 firearm enhancements that were found true for the same crime must be imposed and then stayed." (*People v. Gonzalez* 2008) 43 Cal.4th 1118, 1122–1123.) Pursuant to section 12022.53, subdivision (j), however, the court does *not* have discretion to impose a section 12022.5, subdivision (a), enhancement while *staying* a greater punishment for an enhancement under section 12022.53, subdivision (d).[6] Doing so represents an unauthorized sentence. (§ 12022.53, subd. (j); see *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 432 [failure to either impose or strike, where discretion allows, an enhancement represents an unauthorized sentence].)

---

[5] Appellant concedes only that it is *arguably* an unauthorized sentence, but agrees the judgment should be modified to strike the section 12022.53, subdivision (d), enhancement.

[6] The trial court had no discretion to stay the enhancement under California Rules of Court, rule 4.447. That rule "applies when 'an enhancement that *otherwise* would have to be either imposed or stricken is barred by an overriding statutory prohibition. In that situation—and that situation only—the trial court can and should stay the enhancement.'" (*People v. Bay* (2019) 40 Cal.App.5th 126, 139.)

Where enhancement allegations under sections 12022.53, subdivision (d), and 12022.5, subdivision (a), have been pleaded and found true, if the trial court determines it is appropriate to impose punishment under section 12022.5, subdivision (a), *rather than* impose punishment under section 12022.53, subdivision (d), the trial court must first *strike* the section 12022.53, subdivision (d), enhancement under section 1385. (§ 12022.53, subds. (j), (h).)[7] Here, the trial court's statements at the sentencing hearing clearly indicated it intended to impose punishment under section 12022.5, subdivision (a), *rather than* section 12022.53, subdivision (d), but mistakenly believed the appropriate method to do so was to stay execution of the punishment for the section 12022.53, subdivision (d), enhancement. (*People v. Lopez* (2004) 119 Cal.App.4th 355, 364 ["The trial court has no authority to stay an enhancement, rather than strike it—not, at least, when the only basis for doing either is its own discretionary sense of justice."].) Under these circumstances, we agree with the parties that modifying the judgment to strike the section 12022.53, subdivision (d), enhancement reflects the trial court's intent and corrects what is otherwise a sentence unauthorized by law. (§ 1260.)

## II.  Abstract of Judgment Contains a Clerical Error

The parties contend, and we agree, that the abstract of judgment does not reflect the oral pronouncement of judgment with respect to the firearm enhancement under section 12022.5, subdivision (a). The trial court imposed the upper term of 10 years

---

[7]  The same procedure applies where the trial court elects to impose an uncharged lesser enhancement instead of an enhancement found true under section 12022.53, subdivision (d). Specifically, the trial court has discretion to strike a charged section 12022.53 enhancement and impose a lesser included, uncharged section 12022.53 enhancement where the facts supporting that lesser enhancement were alleged and found true by the jury. (*People v. Tirado* (2022) 12 Cal.5th 688, 700.) Further, when a trial court exercises its discretion to strike a section 12022.53 enhancement and finds that no other section 12022.53 enhancement is appropriate, it also has the power to impose a lesser, uncharged enhancement under *other statutes* such as section 12022.5 if the facts supporting the lesser enhancement were alleged and found true by a jury. (*People v. McDavid* (2024) 15 Cal.5th 1015, 1030.)

determinate under section 12022.5, subdivision (a), but the abstract of judgment reflects a punishment of 10 years to life under section 12022.5, subdivision (a).

When an abstract of judgment does not accurately reflect the oral pronouncement of judgment, appellate courts have "the inherent power to correct such clerical error on appeal, whether on [the court's] own motion or upon application of the parties." (*People v. Jones* (2012) 54 Cal.4th 1, 89, accord, *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) The trial court shall prepare an amended abstract of judgment reflecting the correct term imposed under section 12022.5, subdivision (a).

## DISPOSITION

The judgment is modified by striking the section 12022.53, subdivision (d), firearm enhancement. In all other respects, the judgment is affirmed. The trial court shall issue an amended abstract of judgment reflecting the modification to the judgment, and to correctly reflect the 10-year determinate term imposed for the firearm enhancement under section 12022.5, subdivision (a). The trial court shall forward a copy of the amended abstract of judgment to the appropriate authorities.