Filed 3/9/26  P. v. Reed CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084598 |
| v. | (Super.Ct.No. FSB054315) |
| DENNIS LAMAR REED, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Reversed and remanded.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Dennis Lamar Reed filed a petition for recall and resentencing pursuant to Penal Code section 1170, subdivision (d)(1),[1] which the trial court denied. On appeal, defendant contends that the court erroneously applied the doctrine of the law of the case to deny his petition. The People concede that the court erred in denying defendant's petition. We reverse and remand.

PROCEDURAL BACKGROUND[2]

On September 14, 2010, a jury found defendant guilty of first degree murder (§ 187, subd. (a), count 1) and shooting at an occupied motor vehicle (§ 246, count 2). The jury additionally found true allegations that defendant personally used a firearm (§ 12022.53, subd. (b)), personally discharged a firearm (§ 12022.53, subd. (c)), and personally discharged a firearm causing death (§ 12022.53, subd. (d)) in his commission of the murder. The court sentenced defendant to a term of imprisonment of 50 years to life. (*People v. Reed* (Oct. 5, 2012, E052504) [nonpub. opn.] (*Reed I*); *People v. Reed* (Apr. 20, 2022, E076313) [nonpub. opn.] (*Reed II*).)

Defendant appealed. On appeal, defendant contended his sentence was unauthorized because section 190.5 prohibited a sentence of life without the possibility of parole (LWOP) for juveniles under the age of 16, that his sentence of 50 years to life was the functional equivalent of LWOP, and that his sentence was violative of the Eighth

---

[1] All further statutory references will be to the Penal Code.
Defendant, born in August 1990, was 15 years old when he committed the offenses in February 2006, for which the jury convicted him.

[2] We omit a recitation of the facts because they are irrelevant to the issues raised on appeal.

Amendment. This court held that defendant's sentence was authorized under relevant statutory law, that defendant's sentence was not the functional equivalent of LWOP, and that defendant's sentence of 50 years to life was not cruel and unusual punishment. (*Reed I*, *supra*, E052504.)

On September 23, 2020, defendant filed a petition for resentencing pursuant to former section 1170.95 requesting appointment of counsel. The court denied the petition, noting that defendant was not entitled to relief as a matter of law because he was convicted as the actual killer and not under the felony-murder rule or the natural and probable consequences doctrine. (*Reed II*, *supra*, E076313.)

Defendant appealed. This court held that the court erred in denying defendant's facially sufficient petition prior to appointing him counsel and permitting briefing, and that because whatever documentation the court relied upon in denying defendant's petition was not part of the record on appeal, this court had no basis for discerning whether the court's denial was harmless. Thus, this court reversed the order denying the petition and remanded the matter to the court below with directions to appoint counsel for defendant, allow the filing of a reply to the People's opposition, and to hold a hearing to determine whether defendant could make a prima facie showing of relief.[3] (*Reed II*, *supra*, E076313.)

---

[3] There is nothing in the record to reflect what occurred on remand. However, the rational implication of the abstract of judgment continuing to reflect the original sentence, and defendant's filing of the instant petition, is that the court below again denied defendant's petition.

3

On December 11, 2023, defendant filed a form petition for recall and resentencing pursuant to section 1170, subdivision (d)(1) and *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*), in which he contended he was remorseful for his actions, had no juvenile adjudications for assault or other violent felonies, had committed the offenses with at least one adult codefendant, and related his efforts toward rehabilitation.

On June 14, 2024, the People filed opposition contending defendant was ineligible for relief because he was not sentenced to LWOP, he was not serving the functional equivalent of LWOP, he was convicted of a homicide, *Heard* was improperly decided, defendant was insufficiently remorseful, defendant had failed to establish rehabilitation, and he was estopped by this court's determination in *Reed I* that defendant was not serving the functional equivalent of LWOP.

At a hearing on August 2, 2024, the court noted, "I have an opposition by the People which asserts various things, but the most important of which is that the Court of appeal, in one of the prior appeals, has already decided that [defendant's] sentence was not a de facto" LWOP sentence.

Defense counsel responded, "Your Honor, I did review the opposition, as well as the appellate record, and I concur with the Court's opinion that the appellate court did previously decide the issue; and I would submit on the Court's ruling."

The court ruled, "The prior appellate opinion with respect to [defendant's] conviction in this case already decided that his sentence was not an equivalent of life

without the possibility of parole, so he is not eligible for [section] 1170[, subdivision] (d) relief, so I'm going to deny that petition."

Defendant personally inquired whether his sentence was the functional equivalent of LWOP under *Heard*. The court responded, "No. I don't believe that it is. I mean, you can discuss that issue on appeal, but because . . . the issue [was] already decided by a higher court than me, that's the law of the case. So obviously you can challenge that in the appellate court, but, you know, I'm stuck with what they've already decided."

## II. DISCUSSION

Defendant contends the court erroneously applied the doctrine of the law of the case to deny his petition. Specifically, he maintains that in *Reed I*, he was challenging the legality of his sentence, whereas in 2024, he is seeking resentencing; thus, he asserts that he presented two distinctly different issues with respect to the two proceedings such that he is not estopped from the requested relief. Defendant avers the court's error resulted from a misunderstanding of its discretion, such that the court abused its discretion. Thus, he further contends that the court's decision barred him from arguing his substantive eligibility for relief. Finally, he maintains any error was not harmless.

The People concede that the court erred in denying defendant's petition based on its application of the law of the case doctrine. The People maintain that after *Reed I*, the court in *People v. Contreras* (2018) 4 Cal.5th 349 (*Contreras*) "determined that a term of 50 years to life is the functional equivalent of an LWOP," and that that "decision changed the legal landscape, rendering the law of the case doctrine inapplicable." Thus, the

5

People agree with defendant that the matter must be remanded to the trial court to determine whether defendant qualifies for resentencing under section 1170.[4] We accept the concession.

"'The law of the case doctrine states that when, in deciding an appeal, an appellate court "states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal . . . , and this although in its subsequent consideration this court may be clearly of the opinion that the former decision is erroneous in that particular."' [Citation.]" (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 374, fn. 6; see *People v. Boyer* (2006) 38 Cal.4th 412, 442 [The "'law-of-the-case doctrine binds the trial court as to the law but controls the outcome only if the evidence on . . . rehearing of an issue is substantially the same as that upon which the appellate ruling was based. [Citations.]'"]; *People v. Barragan* (2004) 32 Cal.4th 236, 253; *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 430 [The doctrines of collateral estoppel and law of the case bar a defendant from raising an issue that was raised and rejected in a prior appeal].)

"The law of the case doctrine generally 'precludes a party from obtaining appellate review of the same issue more than once in a single action.' [Citation.] It is well settled,

_____

[4] Neither party addresses whether defense counsel invited or forfeited any argument that the law of the case doctrine did not apply when he conceded below that it did. We will assume for purposes of avoiding any ineffective assistance of counsel argument, which also has not been made, that defense counsel did not invite or forfeit any error by conceding below that the law of the case doctrine barred defendant from relief.

however, that the doctrine may be disregarded where the 'controlling rules of law have been altered or clarified by a decision intervening between the first and second appellate determinations.' [Citation.]" (*Truck Ins. Exchange v. Kaiser Cement & Gypsum Corp.* (2024) 16 Cal.5th 67, 87, fn. 6; see *People v. Strong* (2022) 13 Cal.5th 698, 716-717 [Issue preclusion (collateral estoppel) "does not apply when there has been a significant change in the law since the factual findings were rendered that warrants reexamination of the issue"].)

Here, although defendant raised and this court previously rejected the issue of whether, as a juvenile offender, defendant's 50-year-to-life sentence was the functional equivalent of LWOP, the law on the issue has changed significantly and is currently split. (*People v. Franklin* (2016) 63 Cal.4th 261, 268 [eligibility for parole pursuant to § 3051 mooted any assertion that defendant's 50-year-to-life sentence was the functional equivalent of LWOP]; *Contreras*, *supra*, 4 Cal.5th at p. 359 [50 years to life for juvenile offender ineligible for § 3051 relief is the functional equivalent of LWOP]; *Heard*, *supra*, 83 Cal.App.5th at p. 624 [103 years to life is the functional equivalent of LWOP]; accord *People v. Sorto* (2024) 104 Cal.App.5th 435, 441 [140 years to life]; *People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1054-1061 [107 years to life]; *People v. Munoz* (2025) 110 Cal.App.5th 499, 513, dis. opn. of Feuer, J. [50 years to life], review granted June 25, 2025, S290828; compare *Munoz*, at pp. 502-503 [50 years to life is not the functional equivalent of LWOP]; *People v. Baldwin* (2025) 113 Cal.App.5th 978, 999 [44 years to life not functional equivalent of LWOP]; *People v. Thompson* (2025) 112 Cal.App.5th

1058, 1081, review granted Sept. 24, 2025, S292540 [50 years to life not functional equivalent of LWOP]; *People v. Perez* (2013) 214 Cal.App.4th 49, 58 [parole eligibility at 47 years of age was "by no stretch of the imagination . . . 'functional' or 'de facto' LWOP"]; *People v. Ortega* (2025) 111 Cal.App.5th 1252, 1260, review granted Sept. 17, 2025, S292070 ["The requirement of a youth offender parole hearing moots a juvenile defendant's constitutional claim that he is serving a sentence that is the functional equivalent of LWOP"]; *People v. Isayev* (2025) 113 Cal.App.5th 1117, review granted Nov. 12, 2025, S292860 [same]; *People v. Lara* (2025) 115 Cal.App.5th 484, review granted Dec. 30, 2025, S294095 [same].)  Thus, we shall reverse the order denying defendant's petition based on the application of the law of the case doctrine and remand the matter for further proceedings on defendant's substantive eligibility for relief.

## III.  DISPOSITION

The order denying defendant's petition is reversed.  The matter is remanded for further proceedings on defendant's substantive eligibility for relief pursuant to section 1170, subdivision (d)(1).  We express no opinion on whether defendant is entitled to any relief on remand.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:


MILLER

J.


CODRINGTON

J.